UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>George Constantine et al.,<br><br>　　　　　*Defendants.* | **Protective Order**<br><br>S1 21 Cr. 530 (SHS) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will

be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to:

(a) the defendants;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Prospective witnesses for purposes of defending this action; and

(d) Other parties as necessary for purposes of defending this action, only insofar as any and all social-security numbers, taxpayer-identification numbers, birth dates, names of any individuals known to be minors, financial-account numbers, home addresses, phone numbers, email addresses, and any and all other personally identifiable information are redacted in a manner consistent with the privacy protections set forth in Fed. R. Crim. P. 49.1.

3. Sensitive Disclosure Material may be disclosed by counsel to:

(a) The defendant; and

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

4. The Government may authorize, in writing, disclosure of Disclosure Material, and Sensitive Disclosure Material, beyond that otherwise permitted by this Order without further Order of this Court.

5. By entering into this agreement, the defense does not concede that all information designated by the Government as "Sensitive Disclosure Material" in fact merits the protective measures described in this Order and reserves the right to challenge such designations by the Government. If there is a dispute between the parties concerning the Government's designation of certain disclosure material as Sensitive Disclosure Material, the parties shall meet and confer without prejudice to a subsequent application by the Defense seeking de-designation of such material by the Court, consistent with the protections set forth in paragraph (6) below. If the Defense moves the Court for dedesignation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of the Court. The Government shall bear the burden of establishing good cause for its designation of the disputed materials as Sensitive Disclosure Material or business confidential information.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed

under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[SPACE LEFT INTENTIONALLY BLANK]

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: *Nicholas Folly*                           Date: 9/14/2021
Nicholas Folly / Nicholas W. Chiuchiolo
Alexandra Rothman
Assistant United States Attorneys

_____                 Date: 9/14/21
Marc Gann, Esq.
Counsel for George Constantine

/s/ Michael F. Bachner                    Date: 9/13/21
Michael F. Bachner, Esq.
Counsel for Marc Elefant

_____                 Date: 9/14/21
Kevin James Keating, Esq. /
Matthew James Conroy, Esq.
Counsel for Andrew Dowd

_____                 Date: September 13, 2021
Kenneth M. Abell, Esq.
Counsel for Sady Ribeiro


SO ORDERED:

Dated: New York, New York
       September ___, 2021

_See signature last page_
THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

6

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: 9/14/21
Nicholas Folly / Nicholas W. Chiuchiolo
Alexandra Rothman
Assistant United States Attorneys

_____          Date: 11/18/21
James McGovern, Esq.
Counsel for Adrian Alexander

SO ORDERED:

Dated: New York, New York
       November 8, 2021

_____
THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

6